# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL E. MCKINZY, )
 )
      Plaintiff, )
 )
VS. ) Case No. 09-2199-EFM-DWB
 )
UNIFIED GOVERNMENT OF )
WYANDOTTE COUNTY/ )
KANSAS CITY, KS, )
 )
      Defendant. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. (Doc. 24.) Defendant has responded in opposition. (Doc. 31.) Plaintiff did not reply and the time to do so has expired. D. Kan. Rule 6.1(d)(1). Having carefully reviewed the submissions of the parties, as well as the procedural history of this case, the Court is prepared to rule.

## BACKGROUND

Plaintiff filed the present action, *pro se*, on April 17, 2009, alleging racial discrimination in Defendant's failure to interview or hire him. (Doc. 1.) He was granted *in forma pauperis* status on June 8, 2009. (Doc. 3.) Defendant filed its Answer on July 9, 2009, generally denying Plaintiff's allegations and raising

1

various affirmative defenses, including failure to state a claim for which relief may be granted. (Doc. 5.) The Court entered its Scheduling Order on August 20, 2009, including a deadline of November 13, 2009, to join additional parties or otherwise amend the pleadings. (Doc. 7, at 6.)

Plaintiff filed the present motion the day before the Court's November 13, 2009, deadline. He seeks to amend his Complaint to "add retaliatory failure to hire," "additional discriminatory failure to hire claims," and to "make corrections regarding defendant's proper identity . . ." (Doc. 24, at 1.) Defendant opposes Plaintiff's motion, arguing it is technically flawed, would cause undue prejudice and delay, and is being pursued in bad faith. (Doc. 31, at 2.)

Plaintiff's Motion for Summary Judgment (Doc. 14), Defendant's Motion to Dismiss (Doc. 32), Defendant's Motion for Summary Judgment (Doc. 35), and Defendant's Second Motion to Dismiss (Doc. 44) all are pending before the District Court.

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir. 1993). A district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, ***Federal Practice and Procedure*** § 1487 at 642 (1990). Leave to allow amendment is, however, within the court's sound discretion. ***LeaseAmerica Corp. v. Eckel***, 710 F.2d 1470, 1473 (10th Cir. 1983).

Pursuant to D. Kan. Rule 15.1, "a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right shall set forth a concise statement of the amendment or leave sought to be allowed with the proposed pleading attached." Although Plaintiff has attached his proposed Amended Complaint, he has not sufficiently specified his proposed changes in his underlying motion, in violation of D. Kan. Rule 15.1. Other courts in this District have denied without prejudice virtually identical motions filed by Plaintiff in other matters, allowing him to re-file the motion with the requisite clear articulation of the proposed changes. (*See* Case No. 08-2649-CM, Doc. 14, Feb. 17, 2009 Order.)

3

In the interests of judicial economy, however, the Court will review Plaintiff's proposed Amended Complaint for a description of his proposed changes, rather than require him to refile the present motion.

As stated previously, Defendant argues, among other things, that Plaintiff's requested amendment "would cause undue delay . . . ." (Doc. 31, at 2.) In support of this argument, Defendant contends that this motion should be denied because Plaintiff apparently refused to appear at his deposition, although the date had been agreed upon by the parties. (Doc. 31, at 2-3.) According to Defendant, "Plaintiff's failure to appear at his deposition had unduly delayed the discovery in this matter and warrants a denial of his current motion." (*Id*., at 3.)

The Court sympathizes with Defendant that Plaintiff's failure to appear at his deposition obviously would have caused delays in discovery. Even so, the Court fails to see how this event is even remotely related to whether Plaintiff should be allowed to amend his Complaint, and Defendant's response provides no direct nexus between the two events.

Although Defendant does not specifically argue that Plaintiff's delay in *filing* the motion was undue, "unexplained delay alone justifies the district court's discretionary decision" to reject a proposed amendment to a complaint. **Durham v. Xerox Corp**., 18 F.3d 836, 840 (10th Cir.1994). The Tenth Circuit has held that

In the interests of judicial economy, however, the Court will review Plaintiff's proposed Amended Complaint for a description of his proposed changes, rather than require him to refile the present motion.

As stated previously, Defendant argues, among other things, that Plaintiff's requested amendment "would cause undue delay . . . ." (Doc. 31, at 2.) In support of this argument, Defendant contends that this motion should be denied because Plaintiff apparently refused to appear at his deposition, although the date had been agreed upon by the parties. (Doc. 31, at 2-3.) According to Defendant, "Plaintiff's failure to appear at his deposition had unduly delayed the discovery in this matter and warrants a denial of his current motion." (*Id*., at 3.)

The Court sympathizes with Defendant that Plaintiff's failure to appear at his deposition obviously would have caused delays in discovery. Even so, the Court fails to see how this event is even remotely related to whether Plaintiff should be allowed to amend his Complaint, and Defendant's response provides no direct nexus between the two events.

Although Defendant does not specifically argue that Plaintiff's delay in *filing* the motion was undue, "unexplained delay alone justifies the district court's discretionary decision" to reject a proposed amendment to a complaint. **Durham v. Xerox Corp**., 18 F.3d 836, 840 (10th Cir.1994). The Tenth Circuit has held that

"denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" ***Minter v. Prime Equipment Co.***, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting ***Frank v. U.S. West***, 3 F.3d 1357, 1365-66 (10th Cir.1993)). Courts in this circuit, including the undersigned magistrate, have consistently held that a motion to amend may be denied where "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to include them in the original complaint." ***Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group***, No. 02-1185-WEB, 2003 WL 21659663, *3 (D.Kan. March 13, 2003) (citing ***Las Vegas Ice & Cold Storage Co. v. Far West Bank***, 893 F.2d 1182, 1185 (10th Cir. 1990) (internal citation omitted)).

In the matter before the Court, Plaintiff has offered no justification whatsoever for the requested amendment. To the contrary, Plaintiff's one-page motion does not include any substantive argument or supporting authority whatsoever. (Doc. 24.) A review of Plaintiff's proposed Amended Complaint, however, reveals factual allegations that occurred in May - November 2009 – after Plaintiff's original Complaint was filed. (Doc. 24-1, at 2-4.) Further, Plaintiff filed an additional charge of discrimination with the EEOC on September 4, 2009, to encompass his newly stated allegations of age discrimination in addition to his

new claim for retaliation.¹ (Doc. 24-1, at 11.) Plaintiff received a right-to-sue letter from the EEOC regarding this subsequent charge of discrimination on October 30, 2009 (*id*., at 10) – less than two weeks before he filed the present motion to amend. All things considered, Defendant has provided the Court with no objective evidence or valid argument to support a finding of undue delay.

Finally, Defendant has presented no objective evidence that the present motion "is being pursued in bad faith." (Doc. 31, at 2.) The Court is mindful of Plaintiff's litigious history. (*See id*., at n.1.) Further, although certain of Plaintiff's filings arguably may be considered unnecessary or untimely, Defendant has presented no such evidence specifically relating to the motion at hand – especially in the context of Plaintiff's supplemental EEOC charge and additional right-to-sue letter. Defendant's contention that the present motion was filed in bad faith is nothing more than mere conjecture lacking probative value.

For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 24).

---

¹ It should be noted that the factual basis for Plaintiff's retaliation claim is comprised of events that allegedly occurred after he filed his previous EEOC charge of discrimination and original federal court Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 24) is hereby **GRANTED**. <u>Plaintiff is directed to file his Amended Complaint in the form attached to his motion (Doc. 24-1) within **fourteen (14)** days of the date of this Memorandum and Order.</u>

Dated at Wichita, Kansas, on this 26th day of March, 2010.

                                                s/ DONALD W. BOSTWICK
                                                DONALD W. BOSTWICK
                                                United States Magistrate Judge