# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL MCKINZY, SR.,

        *Plaintiff*,

vs.

Case No. 09-2199-EFM-DWB

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS CITY,
KS, *Board of Commissioners, Board of
Public Utilities*,

        *Defendant.*

## MEMORANDUM AND ORDER

This matter arises out of an alleged incident of employment discrimination prohibited under Title VII by Defendants Board of Public Utilities and Unified Government of Wyandotte County/Kansas City, Kansas ("BPU") against Plaintiff Michael McKinzy, Sr. Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 14), Defendants' [First and Second] Motions to Dismiss and Motions for Sanctions (Docs. 32 and 44), Defendants' Motion for Summary Judgment (Doc. 35), and Defendants' Motion to Strike as Sanctions (Doc. 48). For the following reasons, the Court grants Defendants' second motion to dismiss with prejudice (Doc. 44) and denies the other remaining motions as moot.

**I. Factual and Procedural History**

On November 21, 2008, McKinzy filed a Charge of Discrimination with the EEOC and KHRC alleging race discrimination prohibited under Title VII. The charge was dismissed and a notice issued to McKinzy on March 3, 2009. On April 17, 2009, McKinzy filed a complaint with this Court alleging race discrimination prohibited under Title VII.

On October 13, 2009, McKinzy filed a motion for summary judgment, which alleged that he was not hired as an electrician with BPU because of his race.[1] He claimed that on October 15, 2008, he submitted an application for employment as an electrician to an employee of BPU at a local job fair. He stated that he was not subsequently offered a position with BPU due to his race. However, his motion for summary judgment included no citations to the record. Defendants filed a motion for extension of time to respond to the motion for summary judgment because Plaintiff's deposition was scheduled for November 10, 2009.

BPU filed a motion to dismiss and motion for sanctions on November 25, 2009. BPU argued that dismissal and attorney's fees were appropriate sanctions because McKinzy failed to appear for a scheduled deposition on November 10, 2009. However, in his December 10, 2009 memorandum in opposition to the motion to dismiss, McKinzy stated that the motion was not properly served pursuant to Fed. R. Civ. P. 5(d) and D. Kan. Rule 5.1(g). Defendants did not file a reply. The Court also notes that McKinzy had filed a motion for a protective order on November 9, 2009 to prohibit his deposition from being taken the next day. The motion for a protective order was pending on the day of the scheduled deposition.

---

[1] Two exhibits were attached to the motion for summary judgment, and several other exhibits were added one week later.

BPU filed its response in opposition to McKinzy's motion for summary judgment and its own motion for summary judgment on December 3, 2009. It argued that summary judgment was proper in BPU's favor, as McKinzy was unable to establish a prima facie case of employment discrimination. BPU claimed that it was not a participant in the job fair. BPU further claimed that the employee to whom McKinzy allegedly submitted his resume was only present at the job fair informally, and was not authorized to accept applications. BPU asserted that it has in place a formal online application process of which the employee informed McKinzy, and further stated that at the time, an electrician position with BPU was not open. It claimed that it did not have a record of an application by McKinzy prior to the filing of this lawsuit. Because McKinzy did not follow the proper procedure to apply for employment with BPU, adverse employment action could not have been taken against McKinzy. Plaintiff did not respond to BPU's motion.[2]

After Defendants filed their motion to dismiss and motion for summary judgment, they attempted to schedule a second deposition. Defendants left numerous voicemails for Plaintiff, and also emailed him to request his availability for a deposition. They never received a response. A second deposition was scheduled for February 9, 2010. Plaintiff was properly noticed of the deposition, but failed to appear. Discovery was scheduled to close on February 26, 2010.

BPU filed a second motion to dismiss and motion for sanctions on February 10, 2010. They requested that the Court dismiss the case due to McKinzy's lack of cooperation in the discovery process by failing to appear for his second scheduled deposition, and award out-of-pocket costs and attorney's fees incurred as a result of the unfruitful scheduled depositions and time expended to

---

[2]Defendants' last three motions are unopposed. In addition, Plaintiff failed to file an amended complaint although he was granted leave to amend his complaint within 14 days of March 26, 2010 (Doc. 47). However, Plaintiff is not inactive within the District of Kansas. He has since filed another lawsuit, *McKinzy v. Interstate Brands Corp.,* 10-cv-02159, on March 24, 2010 and an amended complaint in that case on May 21, 2010.

prepare the motion. Plaintiff failed to respond to the second motion to dismiss and motion for sanctions.

Additionally, on March 29, 2010, BPU filed a motion to strike as sanction. The motion requested that the court strike McKinzy's exhibits to his summary judgment motion as a sanction for his failure to appear at his deposition and failure to respond to the second motion to dismiss. Once again, Plaintiff failed to respond.

## II. Analysis

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[3] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[4] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[5]

### 1. Dismissal as a Sanction

Because the second motion to dismiss and motion for sanctions is unopposed, the Court could choose to grant it with little further consideration pursuant to District of Kansas Rule 7.4(b). D. Kan. Rule 7.4(b) states: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Plaintiff is familiar with this rule,

---

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Id.*

[5] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

as it has previously been enforced against him.[6] The Court will nevertheless address the merits of the motion.

Fed. R. Civ. P. 37(d)(1-3) and 37(b)(2) states that a court may order a variety of sanctions in response to a party's failure to attend its own deposition, including "dismissing the action or proceeding in whole or in part" or requiring the "party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure."

A court will consider a number of factors before choosing dismissal as a sanction.[7] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" and (5) the efficacy of lesser sanctions."[8]

The Court notes, as previous courts have noted, that Plaintiff "appears to have engaged in a pattern of similar and as yet unfounded litigation, pro se and in forma pauperis, in this and other courts."[9] Plaintiff has been warned that the "filing of unreasonable, meritless suits" on grounds substantially the same as the present action "could be a basis for imposing sanctions in other pending and future actions."[10] The Tenth Circuit has recently imposed restrictions upon Plaintiff due to his "repeated filing of frivolous appeals," and has warned Plaintiff that he will be subject to sanctions

---

[6] *See McKinzy v. Burlington N. Santa Fe Ry.,* 2010 WL 972812, at *1 (D. Kan. Mar. 15, 2010).

[7] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[8] *Id.* (internal quotations and citations omitted).

[9] *McKinzy v. Norfolk S. R.R.,* 2009 WL 1904340, at *2 (D. Kan. July 1, 2009).

[10] *Id.* at *5.

such as dismissal of his appeals.[11]

All of the factors weigh in favor of dismissal of Plaintiff's action as a sanction. First, Defendants have been prejudiced significantly. They have scheduled two unfruitful depositions, for which they have been forced to pay expenses. Further, they have been forced to expend time and resources to prepare motions to defend against Plaintiff's meritless claim.

Second, Plaintiff has interfered with the judicial process. He (once again) filed a frivolous action, creating a waste of judicial resources. He failed to appear for his own deposition, which prevented the case from moving forward and wasted the Defendants' time and resources. This "wasteful expenditure of judicial resources" constitutes interference with the judicial process.[12]

Third, Plaintiff is an experienced pro se litigant. He has filed numerous similar cases, and has undoubtedly become familiar with court practices and procedure. Plaintiff is culpable and fully aware of the potential consequences of his actions.

Fourth, Plaintiff has been warned that dismissal is a likely sanction for noncompliance, and has even had dismissal previously imposed against him as a sanction by this Court in another recent case for substantially the same reasons.[13] In that case, Plaintiff's Title VII case was dismissed as a sanction, in additional to monetary sanctions, as a result of Plaintiff's failure to appear for his own deposition, and also as a result of his failure to respond to motions under D. Kan. Rule 7.4(b).

Finally, it is unlikely that a lesser sanction is appropriate to deter further conduct. Lesser sanctions have not previously deterred Plaintiff from continuing to file frivolous lawsuits and

---

[11]*See McKinzy v. Kansas City Power and Light Co.,* 2010 WL 661260, at *1 (10th Cir. Feb. 25, 2010).

[12]*McKinzy v. Interstate Bakeries Corp.,* 2009 WL 3126138, at *4 (D. Kan. Sept. 28, 2009).

[13] *McKinzy v. BNSF Ry. R.R.,* 2010 WL 1643628, at *4 (D. Kan. April 20, 2010) ("Plaintiff is hereby put on notice that if he continues to abuse the judicial process, ignore the court's rules, and disobey the court's orders, his case will be dismissed . . . "); *see generally McKinzy v. Interstate Bakeries Corp.,* 2009 WL 3126138 (D. Kan. Sept. 28, 2009) (dismissed as a sanction).

attempting to avoid his discovery obligations.[14] As noted above, Plaintiff filed yet another similar lawsuit in the District of Kansas in March of this year.

Accordingly, Defendants' second motion to dismiss with prejudice is granted.

## 2. Summary Judgment

Even if the Court were not granting dismissal as a sanction, it appears that summary judgment in favor of Defendants is appropriate. Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[15] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[16] A fact is "material" when "it is essential to the proper disposition of the claim."[17] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[18]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[19] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[20]

---

[14]*Interstate Bakeries* at *5 ("Monetary sanctions previously imposed have apparently not conveyed the importance of complying with the court's orders and the federal rules.").

[15]Fed. R. Civ. P. 56(c).

[16]*Haynes v. Level 3 Communications*, LLC, 456 F.3d 1215, 1219 (10th Cir. 2006).

[17]*Id.*

[18]*LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[19]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

[20]*Id.* (citing *Celotex*, 477 U.S. at 325.)

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[21] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[22] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[23] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[24] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[25]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[26]

The required rules for summary judgment motions in the District of Kansas are set forth in D. Kan. Rule 56.1. D. Kan. Rule 56.1(a) addresses supporting memorandums for summary judgment.

> The memorandum or brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies. All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.

---

[21] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[22] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[23] *Adler*, 144 F.3d at 671.

[24] *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[25] *Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[26] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

To prevail on a summary judgment motion in an employment discrimination case, the plaintiff must demonstrate that (1) he was a member of a protected class; (2) that he was qualified for the position; (3) that he suffered an adverse employment action; and (4) that he was treated less favorably than others.[27]

Plaintiff's motion for summary judgment contains no citations to the record. Therefore, it does not state supported facts that establish the elements necessary for Plaintiff to prevail on his summary judgment motion. It is wholly inadequate and utterly fails to comply with the requirements for summary judgment. As an experienced pro se plaintiff, Plaintiff is not unfamiliar with the standards of the Court.

Defendants' motion for summary judgment has merit. Defendants contend that Plaintiff is unable to establish a prima facie case of discrimination. They argue that Plaintiff cannot show that he suffered an adverse employment action because he did not formally apply with BPU, and therefore could not have suffered adverse employment action with respect to his application. These facts are undisputed and supported by the record. Defendants have demonstrated that Plaintiff is unable to establish an essential element of his claim. However, summary judgment will not be awarded because the motion is moot.

Accordingly, Defendants' second motion to dismiss with prejudice is granted – due to both Plaintiff's conduct in this case, and his abusive history. Furthermore, Defendants' attorney's fees and costs will also be granted.[28] The remaining motions are therefore denied as moot.

---

[27]*McKinzy v. Kansas City Power and Light,* 2009 WL 2523607, at *2 (D. Kan. Aug. 18, 2009) (citing *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1134 (10th Cir. 2004)).

[28]Attorney's fees and costs will not be awarded for the November 10, 2009 deposition due to the protective order pending at the time. However, Defendants are entitled to an award of expenses and reasonable fees related to the February 9, 2010 deposition, and the preparing of the instant motion to dismiss. Within fifteen days of this Order, Defendants shall submit an affidavit of time and expenses incurred upon the failed deposition of February 9, 2010, and incurred in obtaining this Order. Within fifteen days thereafter, Plaintiff may respond to that

**IT IS THEREFORE ORDERED** this 8th day of July, 2010 that Defendants' [Second] Motion to Dismiss and Motion for Sanctions (Doc. 44) is hereby granted with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 14) is hereby denied as moot.

**IT IS FURTHER ORDERED** that Defendants' [First] Motion to Dismiss and Motion for Sanctions (Doc. 32) is hereby denied as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 35) is hereby denied as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike as Sanctions (Doc. 48) is hereby denied as moot.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

submission.